O'Connor v. Kennedy, 186 Ill. App. 277.

## Abstract of the Decision.

1. BROKERS, § 88*—*when recovery of commissions sustained by the evidence.* In an action for commissions for selling a farm, it appeared that defendant had listed his farm with a certain real estate agent who interested the plaintiff, another agent engaged in bringing purchasers of farm lands from other parts of the State, who visited defendant's farm and plaintiff claimed that while there defendant agreed with him that if he should affect a sale he would allow him anything received in excess of one hundred and twenty-five dollars per acre. The farm was afterwards sold to a purchaser produced by plaintiff for one hundred and thirty-five dollars an acre. Defendant denied that he made any such agreement or any agreement whatever for commissions with plaintiff. *Held* that a verdict and judgment for plaintiff was sustained by the evidence.

2. EVIDENCE, § 265*—*when permitting witness to testify from memorandum not prejudicial.* Permitting a witness to testify that a fact of which he spoke was fixed in his mind by his making a written memorandum of it shortly after it occurred, *held* not prejudicial error where the memorandum was not offered in evidence.

3. INSTRUCTIONS, § 134*—*when construed as directing jury to base finding on the evidence.* An instruction complained of as failing to direct the jury that their belief must be based on the evidence, *held* to fall within the rule that "a requirement in the first part of an instruction that the jury must base their findings upon the evidence applies and extends to all subsequent clauses in the instruction, and it is unnecessary in each of the succeeding sections to inform the jury that they must find from a preponderance of the evidence."

4. APPEAL AND ERROR, § 450*—*when objection to admission of evidence not preserved.* Admission of incompetent evidence, without objection, cannot be complained of on appeal.

5. APPEAL AND ERROR, § 1507*—*when compelling answer on cross-examination not prejudicial.* In an action for commissions on a sale of a farm, *held* not harmful error to require defendant, on cross-examination, to answer whether he listed his farm with other agents to be sold for a certain price where he denied that he did so.

# C. V. O'Connor, Appellee, v. P. R. Kennedy, Appellant.

## Gen. No. 5,853.    (Not to be reported in full.)

Appeal from the Circuit Court of Boone county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

term, 1913. Reversed and remanded. Opinion filed April 15, 1914.

### Statement of the Case.

Action by C. V. O'Connor against P. R. Kennedy to recover commission for selling a farm. It appeared that defendant sold a farm to a certain person and the plaintiff had some connection with the negotiations between defendant and the purchaser. The plaintiff claimed that he secured the purchaser and that defendant promised him a commission. From a judgment entered on a verdict in favor of plaintiff for $608.54, defendant appeals.

CHARLES W. FERGUSON and JAMES M. HUFF, for appellant.

WILLIAM L. PIERCE and ALEXANDER J. STROM, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

### Abstract of the Decision.

1. BROKERS, § 27*—*right of person not a real estate agent to commissions.* The fact that a person is not a real estate agent but engaged in other business does not affect his right to recover a commission for the sale of a farm, if he at the instance of the owner procured a purchaser.

2. BROKERS, § 84*—*admissibility of evidence.* In an action for commissions on the sale of a farm, admission in evidence of attempts by the defendant to sell the farm through other agents and of prices named by him and commissions offered, *held* prejudicial where it so appeared that the sale in question was a good one and more advantageous than would have been a sale under his former proposals; and the fact that defendant's counsel in his opening statement to the jury and the plaintiff as a witness referred to the employment of other agents, *held* not to warrant admission of the evidence.

3. INSTRUCTIONS, § 89*—*when ignoring number of witnesses in determining preponderance of evidence not prejudicial.* The giving of an instruction: "That the fact that the number of witnesses testifying on one side is larger than the number testifying on the other side, does not necessarily, alone determine that the preponderance of

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

the evidence is on the side for which the larger number testified. In order to determine that question, the jury must be influenced by and take into consideration the appearance and conduct of the witnesses while testifying; their apparent intelligence, or lack of it; their opportunity of knowing or seeing the fact, or subject concerning which they have testified, or the absence of such opportunity; their interest or absence of interest in the result of the case, and from all these facts as shown by the evidence, the jury must decide upon which side is the preponderance," *held* not reversible error for improperly excluding the factor of the number of witnesses.

---

### Bertha Martukis by Eugene Martukis, Appellee, v. Ferdinand P. Keyt, Appellant.

#### Gen. No. 5,854.    (Not to be reported in full.)

Appeal from the Circuit Court of Winnebago county; the Hon. Arthur H. Frost, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed April 15, 1914.

### Statement of the Case.

Action by Bertha Martukis by Eugene Martukis, as her next friend, against Ferdinand P. Keyt to recover for injuries sustained by plaintiff, a girl sixteen years old, by being struck by a taxicab owned by the defendant while she was endeavoring to cross a street after alighting from a street car. From a judgment entered on a verdict in favor of plaintiff, defendant appeals.

Charles W. Ferguson, for appellant.

David D. Madden, for appellee.

Mr. Justice Carnes delivered the opinion of the court.